CRAVEN GARRETT'S HEIRS *v.* LLEWELLYN POWELL AND OTHERS.

**Fraudulent Conveyances—Voluntary Conveyance—Bona Fide Purchaser—Notice—Actual and Constructive.**

Constructive notice arising from the recording of a voluntary conveyance is not sufficient to effect the conscience of a bona fide purchaser. Actual notice is necessary for this purpose.

APPEAL FROM BULLITT CIRCUIT COURT.

January 21, 1871.

OPINION BY JUDGE LINDSAY:

The appellants claim title to the land in controversy under a voluntary conveyance made in 1847, by their ancestor to Stilwell Heady in trust for himself for life, remainder to his wife, Sarah Garrett (now deceased), for life, and remainder to these appellants.

Their said ancestors afterwards, in 1851, sold and conveyed for a valuable consideration the same land to the appellee Powell, and Merker and Bergman claim under him.

Powell denies that at the time of his purchase he had notice of the existence of the voluntary conveyance under which appellants claim, and there is no proof in the record, except the fact

that said conveyance was duly recorded, tending to establish this essential fact.

Constructive notice arising from the recording of a voluntary conveyance is not sufficient to affect the conscience of the purchaser. Actual notice is necessary for this purpose. There may be constructice notice where there is no actual notice.

In this case it is not denied that Powell was a bona fide purchaser, and as he had no actual notice of the voluntary conveyance to Heady it must be regarded and treated as fraudulent as to him. *Enders vs. Williams,* 1st Metcalfe, 353.

As appellants could not have held the land as against Powell and his vendees in any event, it is unnecessary to inquire whether the judgment in the case of *Garret vs. Heady* and others was regular or not. Its vacation would not have benefited them in the slightest degree. Judgment affirmed.

*Rodman, R. H. Field, Bush & Merrell, for appellants.*
*Dembits & Wehle, Bramlette, for appellees.*